NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
PAUL G. STERN
Assistant United States Attorney
Senior Trial Attorney
(Cal. State Bar No. 162734)
Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0715
     Facsimile: (213) 894-6269
     E-mail: paul.stern@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>JANETH BREWER,<br><br>             Defendant. | No. CR 19-19CR00677-PM<br><br>PLEA AGREEMENT FOR DEFENDANT JANETH BREWER |

   1.   This constitutes the plea agreement between defendant JANETH BREWER ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

                    DEFENDANT'S OBLIGATIONS

   2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with misprision of a felony, in violation of 18 U.S.C. § 4.

    b.    Not contest facts agreed to in this agreement.

    c.    Waive any and all defenses to the charge of misprision of a felony based upon the expiration of the applicable statute of limitations, as set forth in 18 U.S.C. § 3282(a).

    d.    Abide by all agreements regarding sentencing contained in this agreement.

    e.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    f.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    g.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    h.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay the assessment.

    i.    Agree to imposition in the instant case of the restitution obligation set forth and imposed in <u>United States v. Janeth Brewer</u>, CR 11-762-PSG, which provided for payment of a restitution obligation of $1,915,955 to victims specified in a victim list prepared by the U.S. Probation Office.

j. Following entry of defendant's guilty plea and sentencing in this matter, defendant agrees to move to dismiss with prejudice her Petition For Writ of Error Coram Nobis, which was initially filed on June 20, 2019 in Civil Case No. 2:19-CV-05408-PSG.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. Contemporaneously with defendant's entry of a plea of guilty to the one-count information filed in the above-entitled matter, to join defendant's request to have the Court set aside and vacate: (1) her previously-entered plea of guilty to conspiracy to commit loan and wire fraud, which was entered on September 19, 2011 in the case of United States v. Janeth Brewer, CR 11-762-PSG ("the Original Case"); and (2) defendant's conviction and sentence in the Original Case, which was entered in a Judgement and Commitment Order in the Original Case on August 25, 2014 (Docket no. 39).

   d. At the time of sentencing, move to dismiss the previously-filed underlying information in United States v. Janeth Brewer, CR 11-762-PSG. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed in the instant case.

   e. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

3

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1.

      f.  Recommend that defendant be sentenced to a term of 364-days of home detention in the instant case, to be followed by a one-year term of supervised release, for both of which terms defendant should receive full credit for time-served in that defendant has already served 365 days of home detention and two years of supervised release based upon the sentence imposed upon her on August 25, 2014 in United States v. Janeth Brewer, CR 11-762-PSG.

      g.  Join in defendant's request for expedited sentencing, provided that the Court makes a specific finding pursuant to Federal Rule of Criminal Procedure 32(c)(1) that the information in the record is sufficient to enable the Court to meaningfully exercise its sentencing authority pursuant to 18 U.S.C. § 3553 without a full pre-sentence investigation and report.

## NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in the attached information, namely, misprision of felony, in violation of Title 18, United States Code, Section 4, the following must true: (a) one or more principals must be have committed the crime alleged, namely, aiding and abetting and causing loan or wire fraud in connection with the submission of false loan applications, in violation of Title 18, United States Code, Sections 1014, 1343, 2(a) and (b); (b) defendant had knowledge of this fact; (c) defendant failed to notify the authorities of this fact as soon as possible; and (d) defendant took some affirmative step to conceal the felony or felonies of the principal or principals.

4

PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 4, is: three years of imprisonment; a 1-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that

5

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 1 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 4, 2007, defendant was interviewed in Santa Maria, California, about the preparation of false and fraudulent loan application packages for prospective borrowers at Capitol Mortgage Services ("Capitol") during the time period of approximately 2005-07. While defendant was aware that certain loan brokers and supervisors at Capitol were involved in, and oversaw, the preparation of false

loan application packages on behalf of prospective borrowers represented by Capitol and that some of these false loan applications were submitted to federally insured banks, defendant concealed this fact from Federal Bureau of Investigation Special Agent Dieter Willkomm when he interviewed defendant about these activities at Capitol on or about October 4, 2007. Defendant Brewer knowingly concealed this fact relating to the commission of the felony crimes of loan fraud and wire fraud, in violation of 18 U.S.C. §§ 1014, 1343, 2(a) and (b), by other loan brokers and supervisors at Capitol, knowing full well that these crimes had been committed, or aided and abetted, by other individuals working at Capitol and she also knew that her verbal affirmative concealment of this fact could conceivably protect these wrongdoers from being held accountable for their misconduct.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level: 13 [U.S.S.G. § 2X4.1]

Defendant understands that there is no agreement as to defendant's criminal history or criminal history category. The parties have agreed upon an appropriate sentence in view of the applicable guideline factors and sentencing considerations set forth in 18 U.S.C. § 3553(a), and the terms of their agreement are set forth in paragraphs two and three above.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed, including any pretrial motion based upon expiration of the applicable statute of limitations.

## WAIVER OF APPEAL OF CONVICTION

13. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

14. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 364 days of home detention, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (f) the term of probation or

9

supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; and the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d)

15. The USAO agrees that, provided (a) all portions of the sentence are within the statutory maximum and (b) the Court imposes a term of imprisonment of no less than 364 days of home detention, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

16. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

17. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

18. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the

10

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

19. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing if such a hearing occurred prior to the breach; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

20. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

21. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

22. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

### NO ADDITIONAL AGREEMENTS

23. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

24. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

*/s/ Paul G. Stern*                                           11/6/2019
---------------------------------                         ---------
PAUL G. STERN                                                 Date
Assistant United States Attorney

13

_[signature]_  NOV. 6. 19
JANETH BREWER          Date
Defendant

_[signature]_  11/6/19
ANDRES ORTIZ           Date
Attorney for Defendant JANETH

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_[signature]_  NOV. 6. 19
JANETH BREWER          Date
Defendant

14

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Janeth Brewer's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his [her] rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     11/6/19
ANDRES ORTIZ                         Date
Attorney for Defendant JANETH
BREWER

Case 2:19-cr-00677-PSG Document 9 Filed 11/08/19 Page 16 of 16 Page ID #:31

# CERTIFICATE OF SERVICE

I, Susan Gearin, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT JANETH BREWER**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:
Janeth Brewer
c/o Andres Ortiz
Immigration/Criminal Defense
320 Pine Avenue, Suite 608
Long Beach, CA 90802

☐ By hand delivery, addressed as follows:

☐ By E-MAIL, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **November 8, 2019**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

_/s/ Susan Gearin_
Susan Gearin
Legal Assistant